**Gertrude JOINER, Plaintiff-Appellant,**

v.

**KURT'S CHIP–A–WAY PARK, INC.,
Defendant-Respondent.**

**No. 35186.**

Missouri Court of Appeals,
St. Louis District,
Division One.

June 4, 1974.

E. A. O'Rourke, Louis Beck, St. Louis, for plaintiff-appellant.

Robertson, Ely & Wieland, Robert C. Ely, St. Louis, for defendant-respondent.

DOWD, Chief Judge.

In this suit for damages for personal injuries allegedly sustained by plaintiff as a result of a slip and fall at a public fishing camp operated by defendant, the case was submitted to the jury. The jury, however, was unable to agree upon a verdict and a mistrial was declared by the trial court on October 26, 1972. Defendant then filed a motion for judgment in accordance with its motion for directed verdict filed at the close of all the evidence.

Plaintiff's petition alleged that the defendant was negligent in that the pathway on the premises was uneven and insufficiently lighted. Plaintiff's verdict director required a finding that "defendant maintained on its property an area covered with rocks and containing a drainage ditch that was not sufficiently lighted, and as a result was not reasonably safe for customers, and . . . ." On January 31, 1973, the trial court granted defendant's post-trial motion and entered judgment for the defendant. Plaintiff appeals. We reverse and remand.

Defendant's motion contended that the plaintiff failed to make a submissible case and that the plaintiff was guilty of contributory negligence as a matter of law. The standard applied in determining whether a submissible case has been made is well known. In determining the issue as to submissibility we must consider all of the evidence in the light most favorable to plaintiff, accept it as true where it is not entirely unreasonable or opposed to physical laws, accord to her the benefit of all favorable inferences reasonably deducible from the evidence, reject all unfavorable inferences and disregard defendant's evidence except insofar as it aids plaintiff's case. A case may not be withdrawn from the jury unless the facts in evidence and the inferences fairly to be drawn therefrom are so strongly against plaintiff as to leave no room for reasonable minds to differ. Teichman v. Potashnick, Const., Inc., 446 S.W.2d 393 [2] (Mo. banc 1969); Buxton v. Horn, 452 S.W.2d 250 (Mo.App. 1970).

Viewing the evidence in a light most favorable to plaintiff, there was sufficient evidence for the jury to find as follows: On September 26, 1970, at about 1:00 a. m. the plaintiff, accompanied by her landlords Sarah and Steve Hartman, arrived at a public fishing park operated by defendant. This fishing park is located on Highway 21 near the Meramec River. After paying the admission charge plaintiff and her two companions started to fish just as it started to rain. They then waited until it stopped raining. At about 3:00 or 4:00 a. m. plaintiff had occasion to use the rest room facilities provided by defendant for its customers. The rest rooms are located at the lower rear of defendant's main building and face away from the lake. Plaintiff walked a distance of about 40 to 50 feet to reach the rest room. On her return she did not cover exactly the same route. Access to the rest rooms is by means of a pathway covered with dirt and white rocks about the size of a half-dollar. The pathway was wet. There were no lights on in the area where plaintiff fell and "it was dark back there." There was only a dim light coming from the rest room some distance from where plaintiff fell. Plaintiff was watching where she

was walking but because of the lighting condition could not "see very well." Plaintiff slipped on the rock and fell into a small drainage ditch. Plaintiff had been drinking but was not drunk and had been to defendant's premises on one or two prior occasions, the last time being a year ago.

■ This court in McIntyre v. M & K Department Store, Inc., 435 S.W.2d 737 (Mo.App.1968) stated the law governing this case at page 740:

The fundamental basis of a proprietor's liability in a case of this nature is his superior knowledge of the dangerous or defective condition of his premises which results in the injury to his business invitee, Gruetzemacher v. Billings, Mo., 348 S.W.2d 952; Howard v. Johnoff Restaurant Co., Mo., 312 S.W.2d 55; Vogt v. Wurmb, 318 Mo. 471, 300 S.W. 278; and the proprietor's failure, in the exercise of ordinary care, "(i) to make the condition reasonably safe" if he "(b) has no reason to believe that they (the invitees) will discover the condition or realize the risk involved therein," 2 Restatement of the Law, Torts, § 343.

Under the law as stated in *McIntyre,* we believe there was sufficient evidence here to support a jury finding that all of the necessary elements to establish defendant's negligence were present. The jury could have reasonably found that the defendant maintained a pathway to the rest room which consisted of dirt and rocks about the size of a half-dollar and the pathway was "dark back there" and was thus insufficiently lighted.[1] Defendant's negligence was a jury question.

■ It is well established that to make a submissible case the negligence must be the proximate cause of the injury. The test of causal connection is whether, absent the negligent act, the injury or damage would not have been sustained. Thompson v. Gray, 415 S.W.2d 299 [7] (Mo.App.1967). The causal connection must be proved, but direct proof of the connection is not required, it being sufficient if the facts proved are of such nature and so connected and related that the conclusion of causal connection may be fairly inferred. James v. Sunshine Biscuits, Inc., 402 S.W.2d 364, 372 (Mo.1966). Plaintiff's evidence need not exclude all other possible causes, save that of defendant's negligence; she has met her burden once she establishes causal connection and beyond that, other possible causes, if any, are a matter of defense. Swanson v. Godwin, 327 S.W.2d 903 (Mo.1959).

Based on the evidence, we conclude that the evidence was sufficient to support a jury finding that the condition of the pathway with insufficient lighting was the proximate cause of plaintiff's injuries. The causal connection can be "fairly inferred."

■ Nor do we agree that plaintiff was guilty of contributory negligence as a matter of law. Contributory negligence is generally an issue to be decided by the jury. In order to hold plaintiff contributorily negligent as a matter of law, as defendant contends, the facts must so clearly indicate contributory negligence that reasonable minds could not differ. McCory v. Knowles, 478 S.W.2d 682 (Mo.App.1972). We are unable to take the facts set out in this opinion and say that the only reasonable inference from the facts is that plaintiff was contributorily negligent as a matter of law. On the contrary, the evidence here supports a jury finding that the plaintiff at night was watching where she was walking on a dirt-rock pathway which was wet and insufficiently lighted.

Accordingly, the judgment entered by the trial court in favor of the defendant on

4. For a case involving insufficient lighting see: Cunningham v. Bellerive Hotel, Inc., 490 S.W. 2d 104 (Mo.1973).

its motion for judgment in accordance with its motion for a directed verdict filed at the close of all the evidence is reversed and the cause remanded.

SIMEONE and KELLY, JJ., concur.