Carey JONES,
Plaintiff/Appellant/Cross–Respondent,

v.

Thomas MARSHALL and Chuck
Link, Defendants,

and

Thomas O'Neill and Bogart's on the
Landing, Inc., Defendants/
Respondents/Cross-appellants.

No. 53742.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 24, 1988.

Chuck Todt, John Bleckman, Clayton, for
Carey Jones.

Kyler Humphrey, Clayton, for Bogart's
on the Landing, Inc.

Isadore Scher, Clayton, for Thomas
O'Neill.

Edward S. Meyer, St. Louis, for Thomas
Marshall and Chuck Link.

CRANDALL, Judge.

Plaintiff, Carey Jones, brought an action to recover damages for bodily injury against Bogart's on the Landing, Inc., (Bogart's), and three of its employees, Thomas O'Neill, Thomas Marshall, and Chuck Link. The petition was filed in two counts: Count I alleged a negligent tort and Count II alleged an intentional tort. During trial, plaintiff settled Count II with all defendants. Prior to submission of the case to the jury, the trial court directed a verdict in favor of defendant Marshall. The case was submitted to the jury based upon negligence. The jury returned a verdict in favor of defendant Link. The jury also returned a verdict against defendants O'Neill and Bogart's, apportioning 56 percent of the fault to defendants and 44 percent of the fault to plaintiff. The trial court entered judgment in accordance with the jury verdict. Both plaintiff and defendants O'Neill and Bogart's appeal from that judgment. We reverse the judgment in favor of plaintiff.

The evidence at trial viewed in the light most favorable to the verdict revealed that on the evening of December 1, 1983, plaintiff and a friend, Keith Davis, went to Bogart's, a restaurant and bar on Laclede's Landing in the City of St. Louis. After a short time, plaintiff and Davis decided to leave. As the two attempted to leave, the doorman detained plaintiff informing him that he was not permitted to leave the premises carrying a cup of beer. Plaintiff testified that the doorman grabbed him by the shirt and threw him against the wall. At this time Marshall, the restaurant manager, asked plaintiff and Davis to leave.

Plaintiff and Davis left but returned a short time later. Marshall asked them to leave again. According to the testimony of Davis, several employees pushed him into a window, breaking it, and then he ran outside. Marshall instructed one of the doormen to watch where Davis went and told

the other doorman, O'Neill, to detain plaintiff. Plaintiff testified that "[h]e put me into a head lock and he took his left arm and placed it around my neck and he put his hand into the forearm and then placed his other hand behind my head and started to squeeze." Marshall testified that after he told O'Neill to restrain plaintiff he saw "Tom [O'Neill] put Mr. Jones [plaintiff] in a full Nelson." O'Neill himself testified that when Marshall asked him to restrain plaintiff he "came up behind him [plaintiff] with a full Nelson, but he kept trying to get away ... while I was trying to get him to stop." Plaintiff struggled to free himself but was unable to do so. Plaintiff testified that he was choked into unconsciousness and suffered neck and back injuries. Marshall called the police and instructed O'Neill to release plaintiff.

We address defendants' appeal because it is dispositive of the case. Defendants argue that plaintiff failed to make a submissible case of negligence because all evidence established that the acts of defendants were intentional and not negligent.

 The theories of negligence and intentional tort are contradictory and mutually exclusive. *Martin v. Yeoham*, 419 S.W. 2d 937, 944 (Mo.App.1967); *Ford v. Politte*, 618 S.W.2d 44, 46 (Mo.App.1981). Evidence of an act purposely done negates negligence. *Martin*, 419 S.W.2d at 945. A plaintiff cannot recover under a negligence theory if the only evidence is that of an intentional tort. *Miller v. Kruetz*, 643 S.W.2d 310, 314 (Mo.App.1982).

In *Ford*, the plaintiff, a police officer, sued defendant for injuries he suffered when defendant kicked him. The evidence at trial revealed that while plaintiff escorted defendant to jail, defendant cocked his head back, raised his right foot, and then kicked back striking plaintiff. *Id.* at 45–46. The case was submitted to the jury based upon negligence. The jury returned a verdict in plaintiff's favor which the trial court set aside because no evidence existed to find that defendant acted negligently. *Id.* at 45. On appeal, that judgment was affirmed because "[a]ll the circumstances pointed to a deliberate, purposeful kick

aimed at plaintiff, and no abstruse process of reasoning can torture it into an act of negligence." *Id.* at 46.

 In this case, plaintiff described with particularity the way in which O'Neill deliberately placed him in a head lock. This testimony was corroborated by the testimony of both Marshall and O'Neill. Plaintiff's evidence alone established that O'Neill's actions were intentional and not negligent. This was a barroom altercation. There was not a scintilla of evidence in the record that would give rise to a triable issue of negligence. Where the only evidence is of an intentional act, submission of a negligence theory is error. *Id.* at 46.

The judgment in favor of plaintiff and against defendants Bogart's and O'Neill is reversed. In view of our holding, we do not address the points raised in plaintiff's appeal.

SIMON, P.J., and GRIMM, J., concur.