H.W. DOBBINS, et al., Plaintiffs/Respondents,

v.

Gary T. KRAMER, et al., Defendants/Appellants.

No. WD 41680.

Missouri Court of Appeals, Western District.

Dec. 12, 1989.

Dale L. Beckerman, Brett C. Coonrod, Kansas City, for defendants/appellants.

Steven W. White, Independence, for plaintiffs/respondents.

Before BERREY, P.J., and TURNAGE and ULRICH, JJ.

BERREY, Judge.

Appeal from an entry of judgment in favor of plaintiffs/respondents, H.W. and Barbara Dobbins, based upon a jury verdict awarding them $35,764. in actual damages

against defendants/appellants, Gary and Connie Kramer. Appellants present two points on appeal: (1) that the trial court erred in submitting respondents' requested verdict director, Instruction No. 7, as it did not contain all of the elements necessary to a finding of fraud; and (2) that the trial court erred in failing to grant appellants' motion for directed verdict as respondents failed to make a submissible case.

The litigation in the instant case originated in the sale of a house at 9505 Howard Road. The respondents, who had been searching for a new home with the assistance of their real estate agent, Marla Yancy, were first shown the house at 9505 Howard Road in March, 1986. Appellants, the owners of the house in question, were present at the initial showing. The house had a large finished basement, which bore no signs of water problems or water damage. There is some dispute as to whether the basement had been furnished or not. Appellants claim that an antique piano and freezer were the only furniture they kept in the basement during their occupancy. Respondents claim that when inquiry was made about the lack of furniture, they were told that the furnishings were in storage. Respondents did not at any time inquire as to whether there were water problems with the basement, although an inquiry as to the presence of silt by a door to the garage was answered by the explanation that the silt was the result of a faulty downspout which had been repaired.

Respondents decided to purchase the house and subsequently did so at a price of $125,950. On June 23, 1986, they moved in, placing most of their personal goods in the basement recreation room until they could be unpacked. On June 27, 1986, it rained. A large amount of water came down Howard Road and respondents' driveway into their basement and garage, damaging and destroying the items they had stored there. The flooding occurred again, seven times in a four month period. The water levels in the basement varied from four to twelve inches. Respondents subsequently sold the house for a price of $100,000.

Evidence in the record reveals that the house had a history of water problems. In June, 1985, after a rainstorm had deposited silt, mud, water and other debris in the driveway and garage, Gary Kramer contacted Jim Kissick, the Director of Public Works for Jackson County. The ditches around 9505 Howard were graded in to help accommodate water run-off. Kissick, however, was not optimistic as to whether funds would be available to effect a permanent solution to the problem. Neighbors of appellants testified as to their observation of the water problems at 9505 Howard and detailed appellants' attempts at cleaning up the mess left behind after the rains.

The respondents filed suit against appellants, alleging fraud by concealing the defects in the property. The jury awarded $35,764. in actual damages but declined to award punitive damages. This appeal followed.

The appellants first contend that the trial court erred in submitting the respondents' requested verdict director, Instruction No. 7, because it did not contain all of the elements necessary to a finding of fraud.

In order to prove actionable fraud, the necessary elements are: (1) a representation; (2) the falsity of the representation; (3) the materiality of the representation; (4) the speaker's knowledge of the falsity of the representation or ignorance of its truth; (5) the speaker's intent that such representation be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the statement; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Ackmann v. Keeney–Toelle Real Estate Co.,* 401 S.W.2d 483, 488 (Mo. banc 1966). Just as if accomplished by an affirmative misrepresentation, concealment of a material fact where a duty to disclose such fact exists, constitutes fraud. *Walters v. Maloney,* 758 S.W.2d 489, 498 (Mo.App.1988). "[M]ere silence is fraud where the circumstances impose upon the person the duty to speak and he deliberately remains silent. However, under such circumstances, there

must be a deliberate suppression of the truth and an intention to deceive." *Id.* at 500 (quoting *Wheeler v. Missouri Pac. R. Co.,* 33 S.W.2d 179, 183 (Mo.App.1930)).

Instruction No. 7, the verdict director, read as follows:

Your verdict must be for the plaintiffs if you believe:

First, the driveway and basement would flood in heavy rains, and

Second, the defendants knew the driveway and basement would flood in heavy rains and failed to disclose the condition to the plaintiffs, and

Third, the defendants had a duty to disclose to the plaintiffs that the driveway and basement would flood in heavy rains, and

Fourth, the plaintiffs did not know, and in the exercise of ordinary care, could not have known that the driveway and basement would flood in heavy rains, and

Fifth, plaintiffs lack of knowledge of the driveway and basement flooding in heavy rains was material to their purchase of the house, and

Sixth, as a direct result of defendants' failure to disclose that the driveway and basement would flood in heavy rains, the plaintiffs were damaged.

The instruction failed to submit the essential element of intent and is thus fatally defective. "It is the theory of MAI that a verdict director shall submit every essential element of a recovery or defense supported by evidence and actually in dispute." *Weltscheff v. Medical Center of Independence, Inc.,* 597 S.W.2d 871, 878 (Mo.App. 1980). Although the instruction complained of was not an MAI instruction, the principle remains the same, as it deals with the essence of what an instruction purports to be.

If the element of intent is allowed to be omitted from the instruction then the line between intentional and negligent misrepresentation is violated. The issue of whether or not this representation was, in fact, negligent is not now before this court nor was it before the jury. The theories of intentional tort and of negligence are mutually exclusive. *Jones v. Marshall,* 750 S.W.2d 727 (Mo.App.1988). While the instruction may arguably set out a negligent misrepresentation, it does not comply with settled Missouri law requiring an intention to deceive. *See Walters v. Maloney, supra,* 758 S.W.2d at 500; *Price v. Kansas City Public Service Co.,* 42 S.W.2d 51 (Mo. App.1931). Thus, the judgment of the court below is reversed and the cause remanded for a new trial.

All concur.