Dawn **VENITZ**, Plaintiff/Appellant,

v.

**CREATIVE MANAGEMENT, INC.,** et al., Defendants/Respondents.

No. 61588.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 18, 1993.

Stephan M. Glassman, Clayton, for plaintiff/appellant.

Don B. Sommers, St. Louis, for defendants/respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, Dawn Venitz, appeals from an order of the Circuit Court of the City of St. Louis granting respondents', Creative Management, Inc., et al., motion for judgment notwithstanding the verdict, or in the alternative, a conditional new trial. We reverse and remand.

Appellant worked as a customer service representative for Insurance Advisors, which in turn leased office space in a commercial building at 8050 Watson Road. On the evening of Friday, September 5, 1986, appellant suffered permanent leg injuries as the result of a fall down a flight of stairs on that commercial premises owned and maintained by respondents. Appellant contends her shoe caught on something at the top of the staircase, causing her to stumble and fall. The accident was reported the following Monday after appellant inspected the stairs and found that the metal strip [1] used to secure the carpeting to the stairs had loosened and risen above carpet level.

Appellant filed suit against Valcour Development Company, owner of the premises, for failure to provide adequate handrails on the stairs and for failure to properly maintain the metal nosing. Suit was also lodged against Creative Management, Inc., manager of the building, for failure to properly maintain the metal nosing. After a five-day trial, the matter was submitted to the jury. The jury returned a verdict in favor of appellant and against both respondents in the amount of $185,000. Valcour Development was assessed 70 percent of the fault; Creative Management was assessed 15 percent of the fault; and appellant was found to be 15 percent at fault.

Upon the filing of respondents' motion for JNOV or for a new trial, arguments were heard. On February 14, 1992, the court sustained the motion for JNOV, or alternatively, a conditional new trial. This appeal followed.

■ Appellant contends the court erred in granting respondents' motion for JNOV. Appellant argues the evidence submitted substantially supported the jury's finding that respondents had constructive notice of the dangers associated with raised metal nosing on the stairs. Additionally, it is asserted the evidence was sufficient for the jury to find that the alleged inadequacy of the handrails proximately caused appellant's fall and injuries.

■ A contention that JNOV was improperly entered raises the question as to whether the plaintiff made a submissible case. *Wion v. Carl I. Brown & Co.*, 808 S.W.2d 950, 952 (Mo.App., W.D.1991). In making such a determination, we must view the evidence in the light most favorable to the verdict and disregard all contrary evidence and inferences. *Id.* We will affirm the entry of a JNOV only if upon a review of the evidence, we find that reasonable minds could not differ as to the proper verdict. *Id.* at 952–53.

Upon review, we find the grant of respondent's motion for JNOV to have been improper based on the evidence presented. Appellant testified that she had her hand on the right handrail as she approached the staircase. However, because the handrail was not continuous—a post divided the handrail between the landing and the stairs—she had to let loose as she began her descent. Appellant testified that as she stepped down, her shoe caught on something on the stairs, she stumbled to her left, and continued to fall until she hit the landing at the bottom of the stairs. Appellant stated that when she returned to work the following Monday, she inspected the stairs and saw that the metal strip holding the carpeting in place was raised

---

1. The briefs and transcript refer to this metal strip as a "nosing." We will do the same.

above floor level. Additionally, appellant indicated that the left stair railing did not extend to the top of the stairs, so there was nothing for her to grab onto in an attempt to halt her fall.[2]

Appellant submitted photographs of the alleged defective condition of the nosing. Though the photos were taken two months after the accident, appellant testified the condition of the nosing at the time of the photographs was substantially the same as at the time of the accident. *See Woods v. National Super Markets, Inc.*, 687 S.W.2d 689, 690 (Mo.App., E.D.1985).

Respondents argue JNOV was proper as appellant failed to establish that respondents had notice, actual or constructive, of the alleged defect before the accident. We find evidence of constructive notice. Both Sandra Landers, Assistant Property Manager for respondent Creative Management, and Ludwig Nolfo, maintenance supervisor for Creative Management at the time of the accident, provided testimony that they were aware the nails securing the nosing could come loose over time allowing the nosing to raise. Mr. Nolfo agreed that it had been necessary for him to re-secure the nosing nails periodically. Ms. Landers established that she would carry a notebook on her walks through the building to jot down problems she noticed. She also indicated that though she herself had not conducted regular inspections of the stairways for the purpose of finding raised nosing, she had instructed Mr. Nolfo to do so on occasion. We find this evidence, considered as a whole, sufficient to establish respondents' constructive notice of the raised nosing. *See, Haverkost v. Sears, Roebuck & Co.*, 193 S.W.2d 357, 361 (Mo.App., St. L.D.1946).

Respondents also contend JNOV was proper as there was no showing that the condition of the handrails proximately caused appellant's fall and resulting injuries. Again, we disagree.

Appellant testified that her hand had been on the right handrail until she reached

the intervening post at the top of the stairs. Because the post prevented her from maintaining her hold on the railing, appellant removed her hand and attempted to descend the stairs. At that point, her shoe caught on something on the step, appellant fell to the left where no railing was available to grasp, and she continued to fall until she reached the bottom of the stairs. Appellant testified it was her belief that if the left handrail had extended to the top of the stairs, she would have been able to grab it to halt her fall. Additionally, when presented with a hypothetical based on evidence presented at trial, expert for appellant stated there was an "absolute" causal relationship between the condition of the handrails and appellant's fall.

■ Direct proof of a causal connection is not required. *Joiner v. Kurt's Chip-A-Way Park, Inc.*, 510 S.W.2d 773, 775 (Mo. App., St.L.D.1974). It is sufficient if the facts proved allow an inference of a causal connection. *Id.* Once a plaintiff has established a causal connection between the defendant's negligence and any resulting harm to plaintiff, evidence of other possible causes, if any, is simply a matter of defense. *Id.*

Based on the above discussion, we find appellant made a submissible case and JNOV was entered improperly. Point granted.

■ Appellant's final claim on appeal asserts trial court error in the granting of defendants' motion requesting a conditional new trial. Appellant contends the court's determination that the verdict directing instructions were defective and unsupported by the evidence was erroneous.

The instructions at issue are Numbers 7 and 9. Instruction No. 7 reads as follows:

In your verdict, you must assess a percentage of fault to Defendant Creative Management, Inc. whether or not plaintiff was partly at fault, if you believe:

First, the metal nosing on the top of the first floor staircase was raised above carpet level, and as a result, the first

---

**2.** Appellant testified that if a railing had been available she believed she would have been able to grab hold of it.

floor staircase was not reasonably safe, and

Second, Defendant Creative Management, Inc. knew, or by using ordinary care could have known, of this condition, and

Third, Defendant Creative Management, Inc. failed to use ordinary care to make the stairway reasonably safe, and

Fourth, as a direct result of such failure, plaintiff sustained damage.

Instruction No. 9 states:

In your verdict, you must assess a percentage of fault to Defendant Valcour Development Co., whether or not plaintiff was partly at fault, if you believe:

First, either:

The inside handrail on the first floor staircase failed to permit continuous sliding of hands on it, or

The outside handrail attached to the brick wall along the first floor staircase failed to continue for the full length of that flight of stairs and failed to provide a clearance of at least 1½ inches between the handrail and the wall to which it was fastened, or

The metal nosing on the top of the first floor staircase was raised above carpet level, and as a result, the first floor staircase was not reasonably safe, and

Second, Defendant Valcour Development Co. knew, or by using ordinary care could have known, of this condition, and

Third, Defendant Valcour Development Co. failed to use ordinary care to make the stairway reasonably safe, and

Fourth, as a direct result of such failure, plaintiff sustained damage.

Appellant argues both of these instructions followed MAI 22.05 and MAI 37.01 and were supported by the evidence. We find no fault with Instruction No. 7, and thus, turn our attention to a discussion of Instruction No. 9.

MAI 22.05 requires that the paragraphs describing the alleged dangerous conditions state as follows:

... there was (here describe condition which caused the injury, such as "a

hole in the stairway") *and as a result the stairway was not reasonably safe* ... (emphasis added).

Instruction No. 9 provides disjunctive theories of negligence, yet only states the requirement of a finding of constructive knowledge of the unsafe condition in relation to the third submission. It is erroneous for an instruction to deviate from the MAI form, and any prejudicial effect is to be determined by the court. *Palcher v. J.C. Nichols Co.*, 783 S.W.2d 166, 170 (Mo.App., W.D.1990). To constitute a reversible error, it must be found that the erroneous instruction prejudiced the party challenging the error. *Standard Leasing Corp. v. Missouri Rock Co.*, 693 S.W.2d 232, 236 (Mo.App., W.D.1985). However, as retrials are burdensome, the trend has been away from reversal due to instructional error unless there is a "substantial indication" of prejudice. *Fowler v. Park Corp.*, 673 S.W.2d 749, 757 (Mo. banc 1984).

We find no prejudice here. We assume the jury is comprised of individuals of reasonable intelligence, *see, Pierce v. Platte–Clay Elec. Co-op., Inc.*, 769 S.W.2d 769, 778 (Mo. banc 1989), who would understand the requirement that the alleged defective condition of the handrails be found unsafe. We find the only logical reading of the instruction assumes the required wording, "and as a result the stairway was not reasonably safe," applies to each of the disjunctives.

Based on the foregoing, we reverse and remand this case to the trial court with instructions that the court's grant of respondents' motion for JNOV or in the alternative, a conditional new trial be set aside and the jury's verdict in favor of appellant be reinstated.

SMITH, J., concurs in ruling on JNOV and dissents in ruling on motion for new trial.

STEPHAN, J., concurs.