Reno R. COVA, Jr., M.D., Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.

No. 64385.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 16, 1994.

Ernest F. Brasier, St. Louis, for appellant.

Jerry Crowder, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

The plaintiff, Dr. Reno Cova, Jr., appeals from a judgment entered in favor of the defendant, American Family Mutual Insurance Company (American Family). Cova brought this action against American Family to recover under a homeowners policy for losses he sustained when his home was burglarized. American Family refused to cover Cova's losses, claiming that the policy was void *ab initio* because of a material misrepresentation included in Cova's application for insurance. We reverse and remand.

On June 20, 1984, Cova was convicted of conspiracy to distribute Tuinal, a non-narcotic controlled substance. On May 5, 1986, Cova applied for homeowners insurance from American Family. The application contained a series of questions. One of the questions asked whether Cova or any member of the household had ever been convicted of a felony. "No" was checked in answer to this question.

Richard Meinhart, an agent for American Family, filled out the application with Cova. At trial, Cova testified that Meinhart did not ask him whether he had ever been convicted of a felony. Cova said that if Meinhart had asked, he would have answered affirmatively. Meinhart testified that he asked Cova each and every question in the application and

properly recorded Cova's responses. Cova admitted his signature appeared on the completed application below a certification that "these statements are accurate to the best of my knowledge. The company may rely upon them in issuance of policy."

The jury returned a verdict in favor of American Family. Cova moved for a new trial, arguing that the trial court erred by giving Instruction 7, which submitted the affirmative defense of fraudulent misrepresentation. The instruction reads:

Your verdict must be for defendant, American Family Mutual Insurance Company, if you believe:

First, plaintiff, Reno Cova, answered no on the Application for Insurance to the question of whether applicant or a member of his household ever was convicted of a felony intending that defendant, American Family Mutual Insurance Company, rely upon such representation in issuing insurance, and

Second, the representation was false, and

Third, plaintiff, Reno Cova, knew that the representation was false, and

Fourth, the representation was material to the issuing of the insurance policy to Reno Cova, and

Fifth, defendant, American Family Mutual Insurance Company, relied on the representation in issuing insurance coverage to Reno Cova.

If plaintiff knew the representation was false, the intent to deceive will necessarily be implied as the natural consequence of such act.

The term "material" as used in this instruction means if stated truthfully the answer might reasonably influence an insurer to reject a risk or charge a higher premium.

The trial court found that it erred by giving Instruction 7, but the court concluded that Cova had not been prejudiced by this error. Cova appealed.

■ Cova's complaint about the instruction revolves around the elements necessary to establish that an insurance policy is void

*ab initio* due to a misrepresentation in the application for insurance. Cova contends that American Family had to establish, not only that the representation was false and material, but also that Cova made the representation with the intent to deceive. American Family asserts that it needed to show only that the representation was false and material.

In *Continental Cas. Co. v. Maxwell*, 799 S.W.2d 882 (Mo.App.1990), the court clearly identified when a misrepresentation in an application for insurance will render a policy void. The court explained:

> Missouri law requires the insurance company to demonstrate that a representation is both false and material in order to avoid the policy when (1) the representation is warranted to be true, (2) the policy is conditioned upon its truth, (3) the policy provides that its falsity will avoid the policy, or (4) the application is incorporated into and attached to the policy. Otherwise, the insurance company must demonstrate that the representation was false and fraudulently made in order to avoid the policy.

*Maxwell* 799 S.W.2d at 888.

The application which Cova signed did not warrant the representations within it to be true, nor was it incorporated in the policy. The policy did not contain any provisions which dealt specifically with false representations made in the application. Therefore, American Family had to demonstrate that the representation was false and fraudulently made, that is, with the intent to deceive. Moreover, the only applicable provision within the policy supports this conclusion. That provision reads:

> 2. Concealment or Fraud. This entire policy is void if, before or after a loss, any insured has *willfully with intent to defraud*, concealed or misrepresented:
>
> a. any material fact or circumstance concerning this insurance; or
>
> b. any insured's interest herein. (emphasis added)

Cova is correct in asserting that American had to prove an intent to deceive.

Cova argues that the instruction given by the trial court did not require the jury to find a fraudulent intent. First, he argues that the trial court should have submitted Cova's proffered Instruction A, patterned after MAI 32.24, not American's Instruction 7, patterned after MAI 23.05. We disagree. To prove a policy is void *ab initio* for fraudulent misrepresentation, an insurer must establish the following elements:

> ■ a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of the truth; (5) the speaker's intent that his statement be acted upon; (6) the hearer's ignorance of the falsity of the statement; (7) his reliance on the truth of the statement; (8) the hearer's right to rely on the statement.

*Prudential Property & Cas. Ins. v. Cole*, 586 S.W.2d 433, 436 (Mo.App.1979). MAI 23.05 contains the necessary elements, and it is the proper instruction to give in cases of fraudulent misrepresentation in the application for insurance.

Secondly, Cova argues that even if MAI 23.05 was the proper instruction, the instruction given impermissibly deviates from MAI 23.05. Cova points to the added phrase, "If plaintiff knew the representation was false, the intent to deceive will necessarily be implied as the natural consequence of such act."

■ Where a Missouri Approved Jury Instruction is applicable, its use is mandatory. *Jarrell v. Fort Worth Steel & Manufacturing Co.*, 666 S.W.2d 828, 837 (Mo.App.1984). It is erroneous to deviate from the MAI form. *Venitz v. Creative Management, Inc.*, 854 S.W.2d 20, 23 (Mo.App.1993). The added language contained within Instruction 7 clearly deviated from the approved instruction. Hence, the court erred in giving Instruction 7. Accordingly, we look to the prejudicial effect of the deviation from MAI in this case.

■ First of all, we note that the form of the deviation is contrary to the general philosophy of MAI which contemplates requiring the jury to determine the ultimate, dispositive facts, leaving counsel to argue the application of the law to the facts disclosed in evidence. The added paragraph is a mere

abstract statement of law. It fails to submit any issue to the jury for determination. A somewhat similar statement might be appropriate for final argument; it is not appropriate in a verdict directing instruction.

Of more importance is the fact that the added language is a misstatement of law. Authority may be found for the proposition that an intent to deceive *may* be inferred where a false statement, which by its very nature is calculated to defraud, is made with knowledge of its falsity. *Citizens Bank of Appleton v. Schapeler*, 869 S.W.2d 120, 129; *Cohen v. Metropolitan Life Insurance Company*, 444 S.W.2d 498, 505 (Mo.App.1969). Falsifying an applicant's prior medical history in an application for medical insurance is an example of a statement which, if known by its maker to be false, can have no other purpose but to deceive and defraud. And even in such a case, as stated in *Citizens Bank* and in *Cohen*, an inference of intent to deceive is permitted, not necessitated. Instructing the jury that "the intent to deceive will necessarily be implied" was a misstatement of the law.

Moreover, unlike lying about the very subject matter for which insurance is being purchased, which is obviously calculated to defraud, concealing a history of a prior felony conviction is a purely collateral matter. Concealing a history of prior fire losses in an application for fire insurance, as in *Meeker v. Shelter Mutual Insurance Company*, 766 S.W.2d 733 (Mo.App.1989)[1] and *Galvan v. Cameron Mutual Insurance Company*, 733 S.W.2d 771 (Mo.App.1987), the cases principally relied upon by American Family in support of its instruction, constitutes misrepresentations of such material matters that no explanation other than an intent to deceive is plausible. On the other hand, concealment of a collateral matter such as a prior felony conviction may be attributed to shame and embarrassment or a failure to recognize that such a seemingly irrelevant inquiry may have some importance to an insurance underwriter. In such a case, the existence of a fraudulent intent to deceive is a jury question. In this case, the language added to MAI 23.05 had the effect of directing a verdict upon a disputed issue.

In ruling upon Cova's motion for a new trial, the trial court acknowledged its instructional error but concluded that no prejudice resulted from the erroneous instruction because "the focus of the trial [was] on whether plaintiff ever denied or concealed his criminal record, and not on what his intent was in concealing or denying that record." Although we normally grant deference to the trial court's determination of prejudice, we cannot do so here. American Family asserted fraudulent misrepresentation as an affirmative defense, and therefore it assumed the burden of proving each element of that defense. The theory of MAI is that a verdict director should require the jury to make a finding of fact upon every essential element of a recovery or a defense which is in dispute. An instruction in a misrepresentation case which fails to submit the essential element of intent is fatally defective. *Dobbins v. Kramer*, 780 S.W.2d 717, 719 (Mo.App.1989).

Regardless of "the focus of the trial," an instruction which directs a finding upon a controverted but essential element of an affirmative defense and which contains a misstatement of law cannot be without prejudice.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for a new trial.

GRIMM, P.J. and AHRENS, J., concur.

---

**1.** Although an instruction in *Meeker* contained language similar to that added to MAI 23.05 in this case, the propriety of the instruction was not addressed by the court as the matter had not been preserved for appellate review. Similar language was also added to MAI 23.05 in *Hodge v. Continental Western Insurance Company*, 722 S.W.2d 133, 134 (Mo.App.1986), but again that was not an issue addressed on appeal.