**Fred TILLMAN, Appellant,**

v.

**SUPREME EXPRESS & TRANSFER, INC., Respondent.**

No. 67929.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 27, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 1996.

Application to Transfer Denied May 28, 1996.

Casey & Meyerkord, Jonathan E. Fortman, St. Louis, for appellant.

Hinshaw & Culbertson, Bryan M. Grohn, St. Louis, for respondent.

KAROHL, Judge.

Fred Tillman appeals a judgment for money damages in a suit for personal injuries. The trial court submitted a comparative fault instruction that allowed the jury to assess a percentage of fault to Tillman for failure to mitigate damages. We reverse and remand for a new trial because of prejudicial instructional error.

Tillman was a passenger in a tractor-trailer driven by Ernest Dortch. Both were employed by Commercial Carriers at the time. Tillman sustained personal injuries when the tractor-trailer collided with another tractor-trailer owned by Supreme Express and Transfer (SET) and operated by its employee, Jerry Pettie. Tillman sued SET for personal injuries.

Prior to trial, Tillman filed a motion for partial summary judgment to predetermine the relative fault of Commercial Carriers and SET based on a previous judgment of the United States District Court for the Eastern District of Missouri, arising out of the same collision where SET was the plaintiff and Commercial Carriers, the defendant. The trial court granted the motion and assessed 60% fault to SET and 40% fault to Ernest Dortch, Commercial Carriers' driver.

The case was tried only on the issue of damages. SET's sole defense was a claim that Tillman failed to mitigate his damages by failing to reasonably seek employment. The trial court submitted a not-in-MAI instruction allowing the jury to decide the mitigation issue by assessing a percentage of fault to Tillman. The jury returned a verdict of $75,000 for total damages. It assessed 55% fault to Tillman and 45% fault to SET for a net verdict of $33,750 ($75,000 × .45).

The trial court entered a judgment in accord with the jury verdict. The judgment was subsequently amended to allocate the $33,750 damages between SET and Dortch. The trial court found SET was liable to plaintiff for $20,250 (60%) and Dortch liable for $13,500 (40%). Tillman appeals that judgment.

Tillman's sole point is the trial court erred in submitting a not-in-MAI instruction which allowed the jury to assess a percentage of fault to him for failing to mitigate his damages. He contends the instruction was not supported by the evidence, it confused the jury, and gave the jury a roving commission. We agree. Tillman was a passenger who had no fault in causing the tractor-trailers to collide. There was also an approved MAI instruction for the mitigation issue which was not submitted.

■ We review the claim as preserved error. There was a timely objection, the issue was offered as a ground for new trial. SET's argument that the claim was not preserved is rejected.

The trial court submitted the following instruction:

### INSTRUCTION [NO.] 7

In your verdict *you must assess a percentage of fault to plaintiff, Fred Tillman,* whether or not defendant [SET] was partly at fault, if you believe:

First, plaintiff Fred Tillman failed to reasonably seek employment, and

Second, thereby failed to mitigate his damages, and

Third, such failure of plaintiff, Fred Tillman, caused or directly contributed to cause any damage plaintiff may have sustained. (Our emphasis)

■ The extent of damage issue was tried on a comparative fault theory. Instruction 7 includes elements of both comparative fault and mitigation of damages. The first paragraph would be part of a comparative fault instruction. However, the remaining paragraphs are not. They are similar to a mitigation of damages instruction patterned after MAI 6.01. A comparative fault instruction should be given only where the evidence supports the submission. *Young v. Kansas City Power and Light Co.,* 773 S.W.2d 120, 125 (Mo.App.1989). Here, Tillman was not at fault as that concept is applied to cause of injuries.

SET relies on *Love v. Park Lane Medical Center,* 737 S.W.2d 720 (Mo. banc 1987). *Love* does not apply. *Love* involved a medical malpractice action where liability was an issue in dispute. *Id.* at 720–721. Here, damages were at stake, not liability. Tillman sustained injuries *as a passenger* in the tractor-trailer collision. He did not cause or contribute to cause the collision. Fault from the collision was not in dispute nor was the fact he was injured. Neither the facts nor the evidence support the submission of a comparative fault instruction.

■ SET intended to use Instruction 7 as an affirmative defense instruction. The trial court should have given the jury the mitigation of damages instruction patterned after MAI 6.01.[1] An instruction on mitigating circumstances may be given by defendant where the evidence supports the submission. Notes on Use, MAI 6.01 (1965 New). Where an MAI instruction is available and applicable, its use is mandatory. *Cova v. American Family Mutual Insurance Co.,* 880 S.W.2d 928, 930 (Mo.App.E.D.1994). It is erroneous to deviate from MAI form. *Id.*

Not only was the instruction inapplicable, but it allowed the jury to confuse issues of fault with the issue of mitigation. During deliberation, the jury raised several questions which indicated confusion. They asked, "WHAT DOES THE PERCENTAGE FIGURE REPRESENTS (sic)? 1) AS FAULT?; 2) AS A WHOLE?; 3) AS A DOLLAR AMOUNT?" These questions suggest the jury did not understand the effect of Instruction 7 where the dispute was on the issue of mitigation.

We find Instruction 7 was inappropriate and unsupported by the evidence. Instruc-

---

1. But *see*, MAI 6.01 4th Ed. revision, effective July 1, 1996, which limits use of that instruction to wrongful death cases.

tion 7 was not-in-MAI instruction even though there was an MAI instruction available. The error confused the jury.

We reverse and remand for a new trial.

REINHARD, P.J., and CRANDALL, J., concur.