# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1457
_____

Robert Young; Ethel Young,

*Plaintiffs - Appellants*,

v.

Allstate Insurance Company,

*Defendant - Appellee*.
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 16, 2014
Filed: July 16, 2014
_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Robert and Ethel Young appeal a judgment entered in favor of Allstate Insurance Company after a jury trial in the district court. The Youngs filed this action to recover losses sustained after a fire damaged their home. Allstate denied the Youngs' insurance claim on the ground that the Youngs misrepresented material facts regarding their losses. The district court granted summary judgment for Allstate, but this court reversed and remanded the case for trial. *Young v. Allstate Ins. Co.*, 685

F.3d 782, 786–87 (8th Cir. 2012). A jury then returned a verdict in favor of Allstate. The Youngs appeal, arguing that jury instructions given by the district court[1] misstated Missouri law and the elements of the claims and defenses. We affirm.

I.

The Youngs' home and personal property were insured under a policy issued by Allstate. In January 2008, a fire broke out in the Youngs' garage, damaging or destroying many of its contents. As part of the claims process, the Youngs signed and submitted to Allstate an eleven-page inventory of personal property that they said was damaged or destroyed in the fire. The parties refer to this inventory as a "content list."

In February 2008, the Youngs became aware that the content list contained inaccuracies. In mid-February, they told an Allstate representative that they wished to remove several items from the list. In March 2008, the day before the Youngs were to be examined by Allstate under oath, they submitted a revised inventory. At this point, the Youngs informed Allstate for the first time that their adult daughter had prepared the initial inventory based on her recollection from a time when she had lived with her parents. The Youngs told Allstate that after carefully reviewing the inventory and the debris in their home, they discovered that several items included on the initial inventory were not actually in the home at the time of the fire.

During a subsequent examination under oath, the Youngs admitted that the initial inventory listed many items that were not damaged or destroyed in the fire. They gave various explanations for the discrepancies: Mr. Young testified that their son had cleaned the garage shortly before the fire and returned several borrowed items to their owners. Mrs. Young testified that a bicycle listed on the initial inventory had

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

been sold in a garage sale. Mrs. Young admitted that the initial inventory exaggerated the value of several items, but the Youngs both denied that they had intentionally overstated the claim to Allstate.

Allstate denied the Youngs' claim in April 2008. As grounds for its denial, Allstate stated that the Youngs "concealed and/or misrepresented material facts" regarding the inventory forms and the ownership, amount, and value of property allegedly damaged or destroyed by the fire.

The Youngs then sued Allstate in state court for breach of contract and vexatious refusal to pay on a valid insurance claim. Allstate removed the case to federal court and asserted as an affirmative defense that the Youngs misrepresented material facts in their claim. Allstate also counterclaimed, seeking a declaration that there was no coverage under the policy, citing a pertinent provision of the policy: "We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance."

The district court granted summary judgment for Allstate on the ground that the Youngs, by signing the initial inventory, were deemed to have knowledge of its contents, and that "no reasonable juror could conclude that [the Youngs] did not materially misrepresent their property claim." The Youngs appealed, and this court reversed and remanded for further proceedings. We reasoned that knowledge of the contents of a document that contains false information does not necessarily establish an intent to deceive. *Young*, 685 F.3d at 785. We concluded that there were genuine issues of fact about whether the Youngs really were ignorant of what was lost in the fire at the time of their interviews with Allstate, or whether they revised the inventory only after realizing that they had been caught making intentional misrepresentations. *Id*. at 786–87.

After a trial, a jury returned a verdict in favor of Allstate on the Youngs' claims and Allstate's counterclaim. The Youngs appeal, arguing that a key jury instruction was flawed. We review the district court's jury instructions for abuse of discretion, applying Missouri law in this diversity case. *McCoy v. Augusta Fiberglass Coatings, Inc.*, 593 F.3d 737, 744–45 (8th Cir. 2010).

II.

The Youngs' appeal focuses on jury instruction number 16. The district court gave the following two jury instructions, numbered 14 and 16, regarding Allstate's counterclaim and its affirmative defense:

Instruction 14

Your verdict must be for [Allstate] if you believe the following:

That either or both Robert Young or Ethyl Young intentionally concealed or misrepresented any material fact or circumstance relating to the personal property damages sustained in the fire loss.

The term "material" means that it has some bearing on the subject matter.

Instruction 16

Your verdict must be for [Allstate] on [Allstate's] affirmative defense of fraudulent misrepresentation if you believe:

First, either or both Robert or Ethyl Young represented to defendant Allstate that the first content list was prepared by either or both of them, intending that [Allstate] rely upon such representation of the amount and value of the contents damaged by the fire loss, and

Second, the representation was false, and

Third, either or both of [the Youngs] knew of the content list's falsity or did not know whether the list included false information, and

Fourth, the representation was material to [Allstate] in determining the value of the loss, and

Fifth, [Allstate] relied on the representation in evaluating [the Youngs'] claim and in so relying [Allstate] used that degree of care that would have been reasonable in [Allstate's] situation, and

Sixth, and as a direct result of such misrepresentation, [Allstate] was prejudiced.

The Youngs most basic objection to Instruction 16 is that the district court should not have given it at all. They contend that Instruction 14 accurately stated Missouri law and that Instruction 16 was superfluous.

Giving both instructions was appropriate because each instruction addressed a different aspect of the case. Instruction 14 advised the jury about Allstate's counterclaim—that the Youngs violated a policy condition by intentionally concealing or misrepresenting a fact or circumstance in connection with the fire. *See* Mo. Approved Jury Inst. (MAI) 32.24; *Am. Family Mut. Ins. v. Coke*, 413 S.W.3d 362, 374 (Mo. Ct. App. 2013). This instruction was based on the policy language and broadly covered any material misrepresentation "relating to the personal property damages sustained in the fire loss." Instruction 16, by contrast, addressed Allstate's affirmative defense to the Youngs' claims that Allstate breached the contract and vexatiously refused to pay on a claim. *See* MAI 23.05. This latter instruction was focused specifically on the alleged misrepresentations in the content list.[2]

_____

[2]Although each instruction was based on a Missouri Approved Instruction, Allstate evidently pleaded as a counterclaim that which MAI 32.24 treats as an

-5-

"A party is entitled to a jury instruction on its theory of the case if the instruction is both legally accurate and supported by the evidence." *Safety Nat'l Cas. Corp. v. Austin Resolutions, Inc.*, 639 F.3d 498, 501 (8th Cir. 2011) (internal quotation omitted) (applying Missouri law). The evidence supported both theories of defense. Therefore, the district court did not err in treating Allstate's counterclaim and Allstate's defense to the Youngs' affirmative claims as separate matters to be covered by different jury instructions. Insofar as the instructions were duplicative, there was no prejudice to the Youngs in having the same issue submitted twice.

As to the wording of Instruction 16, the Youngs assert that the instruction allowed the jury to find for Allstate on its affirmative defense of fraudulent misrepresentation without making the required finding that the Youngs intended to deceive Allstate. To establish that an insured intended to deceive an insurer, the insurer must show that the insured (1) knew the representation was false, or "did not know whether the representation was true or false," *Botanicals on the Park, Inc. v. Microcode Corp.*, 7 S.W.3d 465, 469–70 (Mo. Ct. App. 1999), and (2) intended that the insurer rely on the representation. *See Clark v. Olson*, 726 S.W.2d 718, 719 (Mo. 1987).

Instruction 16 included both elements. The first element is covered in the third paragraph, which said the jury must find that the Youngs "knew of the content list's falsity or did not know whether the list included false information." The second element is addressed in the first paragraph, which asked whether the Youngs represented that they prepared the initial content list, "intending that [Allstate] rely

---

affirmative defense, and pleaded as an affirmative defense that which MAI 23.05 treats as a claim for the intentional tort of fraudulent misrepresentation. The Youngs did not object to the instructions on this basis, and federal courts are not required to follow the exact wording of a particular state's suggested instructions. *Vitale v. Aetna Cas. & Sur. Co.*, 814 F.2d 1242, 1250-51 (8th Cir. 1987).

upon such representation of the amount and value of the contents damaged by the fire loss."

The Youngs disagree. Intent that the insurer rely on a representation, they say, is not the same as intent to deceive. The Missouri courts have rejected the Youngs' objection. In *Cova v. American Family Mutual Insurance Co.*, 880 S.W.2d 928 (Mo. Ct. App. 1994), the court ruled that Missouri Approved Instruction 23.05 (after which Instruction 16 was modeled) "contains the necessary elements" to establish "an intent to deceive." *Id.* at 930. The Missouri Approved Instruction, like Instruction 16, calls for proof that a representation was made "with the intent that [the other party] rely on such representation," but does not use the magic words "intent to deceive." Instruction 16's requirement that Allstate prove the Youngs were "intending that [Allstate] rely upon" their representations in the content list thus conformed to Missouri law and was sufficient to elicit a verdict on intent to deceive.

The Youngs argue that *Cova* involved a fraud-in-the-inducement claim, and that it does not govern the instructions in a case like this one that involves a fraudulent proof-of-loss claim or defense. The two claims do have different elements, but the difference is immaterial to the jury instruction on intent to deceive. A plaintiff alleging fraud in the inducement must show an additional element—reliance on the insured's representation—that is not required to establish fraudulent misrepresentation in the proof-of-loss context. *See Wood v. Safeco Ins. Co. of Am.*, 980 S.W.2d 43, 52–53 & n.12 (Mo. Ct. App. 1998); *see also Gen. Cas. Ins. Cos. v. Holst Radiator Co.*, 88 F.3d 670, 671–72 (8th Cir. 1996) (applying Missouri law). Both claims, however, require proof that the insured intended to deceive the insurer. *See Vitale*, 814 F.2d at 1246 n.11, 1250 (applying Missouri law); *Cova*, 880 S.W.2d at 930. There is no reason why a jury instruction on the element of intent to deceive cannot be worded the same way with respect to both types of claims.

The Youngs also argue that Instruction 16 misstated Missouri law because it did not require a finding that the Youngs were "reckless" in failing to discover the inaccuracies contained in the initial content list. To prove fraudulent misrepresentation, Missouri law requires proof that the representing party "knew the statement was untrue *or was reckless* as to whether the statement was true or false." *Ryann Spencer Grp., Inc. v. Assurance Co. of Am.*, 275 S.W.3d 284, 290 (Mo. Ct. App. 2008) (emphasis added). But recklessness may be shown by establishing that the party made representations "with the consciousness that he was without knowledge as to their truth or falsity, when, in fact, they were false." *Colgan v. Wash. Realty Co.*, 879 S.W.2d 686, 689 n.1 (Mo. Ct. App. 1994) (internal quotation omitted). Paragraph three of Instruction 16 required Allstate to show that the Youngs "knew of the content list's falsity *or did not know whether the list included false information*," *i.e.*, they were without knowledge as to the list's truth or falsity. The omission of the word "reckless" from that instruction therefore was not error. *See Clark*, 726 S.W.2d at 719; *Botanicals on the Park*, 7 S.W.3d at 469–70; *Cova*, 880 S.W.2d at 930.

B.

The Youngs' final argument is that a new trial is warranted because Instruction 16 was confusing and misleading. They contend that the term "representation" in Instruction 16 confusingly referred either to (a) the representation that the Youngs prepared the content list, or (b) the representation as to the amount and value of the contents damaged by the fire (*i.e.*, the items on the content list). The Youngs assert this is reversible error, because if the jury believed that "the representation" meant only that the Youngs prepared the content list, then the jury could have found for Allstate without finding a misrepresentation as to the amount and value of the items lost in the fire.

The Youngs did not object to Instruction 16 on this ground. During a colloquy on the jury instructions, the Youngs objected to an earlier version of Instruction 16's third paragraph on other grounds. The district court adopted the final language, and the Youngs raised no further objection. Because there was no objection to the precision of the instruction's reference to "the representation," the claim of error is forfeited, and we review only for plain error. Fed. R. Civ. P. 51; *Christian v. Wagner*, 623 F.3d 608, 615 (8th Cir. 2010). To obtain relief, the Youngs must show that an obvious error affected their substantial rights and that the error seriously affected the integrity, fairness, or public reputation of judicial proceedings—a standard that is especially stringent in a civil case. *See Csiszer v. Wren*, 614 F.3d 866, 871 (8th Cir. 2010).

The jury instruction, while perhaps not pellucid, was not obviously erroneous. A commonsense jury—considering the instruction as a whole and in the context of the trial—likely understood that the case was about whether the Youngs made false representations in the content list. The first paragraph referred to both a representation about who prepared the content list and a representation about "the amount and value of the contents damaged by the fire." The second paragraph asked whether "the representation" was false. If there was ambiguity about which representation must be false, the third paragraph likely resolved it by asking whether the Youngs knew that *the content list* was false. The first paragraph also established that the scienter element applied to the representation about the content list: Allstate was required to show that the Youngs intended for the insurance company to rely on the representation about the amount and value of the property lost in the fire. Any imprecision in this instruction is not the sort of egregious error that might warrant relief on plain error review in a civil case.

\* \* \*

The judgment of the district court is affirmed.

_____