# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4093

_____

| | | |
|---|---|---|
| Harold White; Lois White, | * | |
| | * | |
| Plaintiffs/Appellants, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Howmedica, Inc., A wholly | * | of Nebraska. |
| owned subsidiary of Pfizer | * | |
| Drug Company, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| MTG Divestitures, L.L.C., | * | |
| | * | |
| Defendant/Appellee. | * | |

_____

Submitted: March 12, 2007
Filed: June 26, 2007

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

Harold and Lois White appeal the district court's[1] dismissal of their suit on summary judgment because they lacked expert testimony to support their product liability claim. We affirm.

## I.    BACKGROUND

Lois White had a right knee replacement in 1996, performed by Dr. Stephen Noel. Parts of the prosthetic knee were manufactured by Howmedica. Over the next six years, White continued to have problems with the knee. In 2002, Dr. Noel performed exploratory surgery, found that the prosthesis had fragmented, and eventually replaced it with a new prosthesis. When Dr. Noel examined the original prosthesis, he saw a small spherical cavity near the surface, and he concluded that this cavity was caused by a manufacturing defect.

The Whites filed this diversity products liability suit against the manufacturer of the allegedly defective prosthetic knee parts. The district court's[2] final progression order required experts to be disclosed by July 15, 2005, and as of that date, the Whites had not designated an expert. On August 26, 2005, MTG moved for summary judgment, alleging that in the absence of expert testimony to establish a defect, the Whites' action failed as a matter of law. In response to the summary judgment motion, the Whites presented an affidavit from Dr. Noel, who had previously (and timely) been disclosed as a non-expert witness. The district court held that the information Dr. Noel proffered in the affidavit was expert testimony, and that the Whites had failed to timely designate Dr. Noel as an expert. Accordingly, the district court refused to consider Dr. Noel's expert testimony. Because expert testimony was

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

[2]The Honorable F. A. Gossett, United States Magistrate Judge for the District of Nebraska.

required by Nebraska law to establish their product liability claim, the district court granted summary judgment in favor of MTG.

## II.  DISCUSSION

We review the district court's sanction of excluding Dr. Noel's expert[3] testimony for an abuse of discretion,  Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001), and find none here.  The district court was within its discretion to exclude the Whites' untimely expert proffer because the Whites had ample time to comply with the district court's progression order.  The Whites filed suit in April 2004.  The final progression order was entered one year later in April 2005, mandating that all experts be disclosed by July 2005.  The Whites did not ask for an extension of time, and in fact only proffered Dr. Noel's affidavit in response to the motion for summary judgment.  Accordingly, we affirm the district court's decision to exclude Dr. Noel's affidavit as untimely.

Because the Whites could not offer expert testimony to establish that the prosthesis was defective, we turn to the question of whether the district court appropriately granted summary judgment and dismissed the case based on this failure. We review the district court's grant of summary judgment de novo.  Roeder v. Metro. Ins. and Annuity Co., 236 F.3d 433, 436 (8th Cir. 2001).  Initially, we agree with the district court's unchallenged conclusion that Nebraska substantive law governs this dispute.

The Whites concede that *ordinarily* in a medical product liability case, the product defect must be established by expert testimony.  E.g., Durrett v. Baxter Chrysler-Plymouth, Inc., 253 N.W.2d 37, 39-40 (Neb. 1977).  The Whites argue that

---

[3]We assume for the purpose of this appeal that Dr. Noel could properly be qualified as an expert in knee prosthetics under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

there is an exception to that "requirement" when the defect is obvious to a layperson, citing Laird v. Scribner Coop, Inc., 466 N.W.2d 798, 804 (Neb. 1991). We agree that Nebraska seems to recognize a "layperson exception" to the necessity for expert testimony in certain cases. E.g., Durrett, 253 N.W.2d at 39 (noting that "reliance on eyewitnesses alone is not fatal when a defect is obvious to a layman"). However, we agree with the district court's conclusion that "[t]he presence of a defect in an artificial knee component . . . is not something that is so generally recognizable as to qualify under the so-called common knowledge exception or to eliminate the need for expert testimony." Not only that, but the knee appliance was removed six years after its initial implantation in Lois White's leg. We think it rather obvious that a layperson could *not* have determined whether, and perhaps when, the knee device was or became defective in this case. Therefore, the layperson exception does not apply here, and the Whites needed to present expert testimony to prevail in this case.

## III. CONCLUSION

Because the Whites did not meet the district court's reasonable deadline for designating the expert testimony necessary to prove their product liability claim, we affirm the judgment of the district court.

_____