PER CURIAM.
Dru D. Smith brought suit against her former employer, Hy-Vee, Inc., alleging sexual harassment and retaliation in violation of the Missouri Human Rights Act (MHRA), Mo.Rev.Stat. §§ 213.055, 213.070. The district court[1] granted summary judgment in favor of Hy-Vee on Smith’s sexual harassment claim. At trial on the retaliation claim, the district court excluded evidence of specific instances and details of the alleged harassment. The jury returned a verdict in favor of Hy-Vee. Smith appeals, arguing the district court erred in granting Hy-Vee’s motion for summary judgment on Smith’s sexual harassment claim, excluding evidence of sexual harassment, and refusing to grant Smith a new trial. We affirm the judgment.
I
The record reveals the following facts, taken in the light most favorable to Smith. Smith was employed by Hy-Vee at its Englewood Road store in Kansas City, Missouri, from June 2004 to August 2006. She worked in various departments until late 2005 when she was transferred to the bakery. While employed in the bakery, Smith frequently worked with Sherri Lynch, a cake decorator. During this time, Lynch engaged in rude, vulgar, sexually charged behavior toward Smith. In February or March of 2006, Lynch told Smith to place two fingers next to hers. Lynch then rubbed her fingers against Smith’s fingers and told Smith “[t]hat’s what a penis feels like.” From April 2006 to August 2006, Lynch molded genitalia out of dough, shoved them in Smith’s face, and asked Smith if she knew what they were. In May 2006, Smith observed Lynch “dry humping” a male Hy-Vee manager. After the manager left, Smith said, “God, Sherri, it’s like you practically raped him.” Lynch replied “[n]o Dani, if I were going to rape someone, it would be like this.” Lynch then pushed Smith up against a wall for ten to fifteen seconds while rubbing her hands and body up against Smith. In early August 2006, Lynch sculpted a penis out of dough and asked Smith if it was “too big?” Additionally, while Smith was employed in the bakery, Lynch smacked her on the buttocks approximately six times and, with the aid of another employee, put Barbie dolls in sexual positions and asked Smith if she knew what the positions meant.
*906 Lynch also engaged in sexually charged conduct toward other women who worked at Hy-Vee. Smith observed Lynch kissing another female employee and smacking her on the buttocks. Lynch also “dry humped” another female employee. Based on these events, Smith believes Lynch is a lesbian or a bisexual. Another former Hy-Vee employee also believes Lynch may be bisexual. Lynch, who has been married to the same man for sixteen years and has two daughters, denies these claims.
In addition to the alleged conduct directed toward Smith and other female employees at Hy-Vee, Lynch also engaged in sexually charged activity toward male store employees. Examples of this conduct include: (1) Lynch made inappropriate sexual jokes with a store manager; (2) Lynch “dry humped” the same manager about once a week; (3) Lynch put her hands in this manager’s pockets and said “hey there big boy”; (4) Lynch hit several male employees on the posterior on several occasions; (5) Lynch made sexual comments towards male employees; and (6) Lynch made sexually explicit cakes for male Hy-Vee employees. Lynch was not the only employee engaging in sexually charged behavior. Several employees engaged in sexual jokes and made penises or other body parts out of dough and cake.
Smith states she reported incidents of sexual harassment to at least twelve different managers and co-workers. She raised a total of 66 to 101 complaints to management when she felt inappropriate conduct occurred. Management failed to take action on these alleged complaints. Hy-Vee denies Smith ever complained. In June or July of 2006, Smith attended a meeting where she requested a transfer out of the bakery department; Hy-Vee denied this request. During the last two weeks before the termination of her employment, Smith complained to a number of people about sexual harassment and indicated she was going to call the Equal Opportunity Employment Commission (EEOC) or hire a lawyer.
Over the course of Smith’s employment at Hy-Vee, store management and other supervisors documented a number of incidents where Smith did not act appropriately or questioned the authority of superiors. In the weeks leading up to her termination, Smith’s immediate supervisor wrote her up for a series of mistakes involving cake and bagel orders made during the last two or three weeks of employment. Although Hy-Vee’s store write-up policy gives employees an opportunity to sign a disciplinary write-up and submit a response, Smith was not given the opportunity to follow this procedure for the write-ups she received immediately before her termination.
Smith’s employment was terminated on August 12, 2006. On approximately August 17, 2006, Smith filed a Charge of Discrimination against Hy-Vee with the EEOC and the Missouri Commission on Human Rights (MCHR). Both the EEOC and MCHR issued notices of Smith’s right to sue. Smith filed claims for sexual harassment, in violation of Mo.Rev.Stat. § 213.055, and retaliation, in violation of Mo.Rev.Stat. § 213.070, against Hy-Vee in the Circuit Court of Jackson County, Missouri. On August 3, 2007, Hy-Vee removed the case to federal court. On March 27, 2009, the district court granted summary judgment in favor of Hy-Vee on the sexual harassment claim. Before the retaliation claim proceeded to trial, the trial court granted Hy-Vee’s in limine motion to exclude evidence that detailed the sexual harassment from which Smith asserted she suffered.
II
Smith first challenges the district court’s order granting summary judgment in fa *907 vor of Hy-Vee on Smith’s sexual harassment claim. We review the district court’s grant of summary judgment de novo, viewing the record in the light most favorable to the non-moving party. Pedroza v. Cintas Corp. No. 2, 397 F.3d 1063, 1068 (8th Cir.2005). Summary judgment is appropriate only where there exists no genuine issue of material fact such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
The MHRA prohibits employers from discriminating against any individual “with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals ... sex ...” Mo.Rev.Stat. § 213.055.1(1)(a). When a claim is reviewed under the MHRA, “appellate courts are guided by both Missouri law and federal employment discrimination caselaw that is consistent with Missouri law.” Daugherty v. City of Maryland Heights, 231 S.W.3d 814, 818 (Mo.2007). However, “[i]f the wording of the MHRA is clear and unambiguous, then federal caselaw which is contrary to the plain meaning of the MHRA is not binding.” Id. at 819. We apply Missouri law in this case.
“Sexual harassment creates a hostile work environment when sexual conduct either creates an intimidating, hostile, or offensive work environment or has the purpose or effect of unreasonably interfering with an individual’s work performance.” Barekman v. City of Republic, 232 S.W.3d 675, 679 (Mo.Ct.App.2007). An employer is liable for the sexual harassment by a co-worker if the employer knew or should have known the harassment occurred and “failed to take prompt and effective remedial action.” Mason v. Wal-Mart Stores, Inc., 91 S.W.3d 738, 742 (Mo.Ct.App.2002). In order for Smith to prevail in a claim of hostile work environment sexual harassment, she must prove: (1) she is a member of a protected group; (2) she was subjected to unwelcome sexual harassment; (3) her gender was a contributing factor in the harassment; (4) a term, condition, or privilege of her employment was affected by the harassment; and (5) Hy-Vee knew or should have known of the harassment and failed to take appropriate action. Barekman, 232 S.W.3d at 679. If Smith failed to present a material issue of fact on any of the aforementioned elements, Hy-Vee was entitled to summary judgment on Smith’s sexual harassment claim. Id. at 679-80. In the present case, we address the third requirement, whether Smith’s gender was a contributing factor in the harassment.
The Missouri Supreme Court, acknowledging the United States Supreme Court’s decision in Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998), stated the MHRA, like Title VII, protects individuals against sexual harassment by members of either the same or opposite sex. Gilliland v. Mo. Athletic Club, 273 S.W.3d 516, 521 n. 8 (Mo.2009). Missouri courts have also looked to Oncale in determining whether gender was a “contributing factor” in cases of same-sex harassment under MHRA. See Barekman, 232 S.W.3d at 680. In Oncale, the Supreme Court stated that although same gender sexual harassment is actionable, “Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at ‘discrimination because of ... sex.’ ” 523 U.S. at 80, 118 S.Ct. 998 (emphasis in original). In analyzing the same-sex harassment claim, the Court noted that it “ha[d] never held that workplace harassment ... is automatically discrimination because of sex merely because the words used have sexual content or connotations.” Id. Rather, the Court set out three evidentiary routes a plaintiff can use to show the conduct in a same-sex *908 harassment claim was based on sex. Id. at 80-81, 118 S.Ct. 998. First, a plaintiff can show that the conduct was motivated by the co-worker’s sexual desire for persons of the same sex. Id. at 80, 118 S.Ct. 998. Second, a plaintiff can show the harasser was motivated by a general hostility to the presence of the same gender in the workplace. Id. Third, a plaintiff may offer direct comparative evidence about how a harasser treated both males and females differently within a mixed-sex workplace. Id. at 80-81, 118 S.Ct. 998.
Smith argues that the evidence presented of Lynch’s physical touching of her body and other sexual references were sufficient to satisfy the third element of a hostile work environment claim. We disagree. Viewing the facts in the light most favorable to Smith, the evidence does not show that Lynch was motivated by sexual desire toward Smith. Rather, there is no evidence that Lynch’s conduct was motivated by a particular attraction to Smith because Lynch exposed both men and women to the same behavior. See Barekman, 232 S.W.3d at 681. There is also insufficient evidence to show Lynch was motivated by a general hostility to the presence of females in the workplace. Instead, the facts on record show that Lynch treated all employees, both male and female, in the same vulgar and inappropriate way. As such, Smith failed to present sufficient evidence that “the conduct ... constituted gender discrimination, and not just ... conduct ... ‘tinged with offensive sexual connotations.’ ” Id. at 680, 232 S.W.3d 675 (quoting Oncale, 523 U.S. at 81, 118 S.Ct. 998). Therefore, the district court did not err in granting summary judgment to Hy-Vee on Smith’s hostile work environment sexual harassment claim.
Ill
Smith next challenges the district court’s order excluding “evidence regarding specific incidents and details of the alleged sexual harassment” from the trial of her retaliation claim. But Smith does not say in her brief before our court precisely what evidence she would have offered, so it is impossible for us to determine what effect its exclusion might have had. In her opposition to Hy-Vee’s motion in limine, moreover, she said only that she wanted to “talk generally of who harassed her, including Ms. Lynch” and wanted to show that she “was harassed by Sherri Lynch, i.e., including that she was improperly touched.” This seems to us to imply that she had no objection to the motion in limine except for certain matters regarding her interactions with Ms. Lynch. Hy-Vee replied that it had no objection to Smith identifying Lynch as a harasser and testifying that Lynch “touched her inappropriately,” and Smith in fact did both those things at trial. We think that Smith therefore effectively waived any objection to the motion in limine except for matters for which it developed that she was later allowed to offer evidence to the jury. So there would have been no error in granting the motion.
In addition, Smith’s failure to make an offer of proof with respect to any evidence that was excluded in limine is fatal to her assignment of error. Fed.R.Evid. 103(a) and (a)(2) provide that “[e]rror may not be predicated upon a ruling which ... excludes evidence unless ... the substance of the evidence was made known to the court by offer [of proof],” and we have held repeatedly that to preserve an evidentiary issue for appeal an offer of proof is necessary, even if the district court grants a motion in limine. See, e.g., Dupre v. Fru-Con Engineering, Inc., 112 F.3d 329, 336 (8th Cir.1997); Keeper v. *909 King, 130 F.3d 1309, 1315 (8th Cir.1997). While these cases predate an amendment to Rule 103 that occurred in 2000, that amendment had no effect on the part of the rule that bears on offers of proof except to excuse a failure to renew one: The point we make here is that no offer of proof was ever made, not that one was not renewed. As the Advisory Committee Notes observe, the amendment applies “when the party has otherwise satisfied the ... offer of proof requirement of Rule 103(a).” Though we stated in Moran v. Clarke, 296 F.3d 638, 649 (8th Cir.2002 (en banc)), that an offer of proof is necessary “unless the evidence was excluded pursuant to a motion in limine,” we cited no cases in support of this proposition and we don’t believe that the court intended to overrule our clear, contrary precedents on the matter, especially without discussion. In fact, the matter of whether a motion in limine had been made does not seem to have been in issue in Moran, so we think that the assertion there about offers of proof being unnecessary was inadvertent and dictum. The fact that the plain language of the rule provides otherwise makes us even more confident of this reading of the case.
Fed.R.Evid. 103(d) does preserve the possibility that an order excluding evidence may be reviewed on appeal for plain error despite the absence of a proper offer in the trial court. Smith does not ask for plain-error review and we don’t think in any event that such a review would avail her. The district court excluded detailed evidence of the sexual harassment from the retaliation trial because the sexual harassment claim itself had been dismissed on summary judgment, and it concluded that the relevance of the details of the harassment that occurred was only marginal while its potential for unfair prejudice to Hy-Vee was large. See Fed.R.Evid. 403. Given the highly deferential standard that would govern our review of this holding, see Fed.R.Evid. 403; Olson v. Ford Motor Co., 481 F.3d 619, 623 (8th Cir.2007), we think that there is no prospect that there was a “clear error” here, much less one that would allow us to give plain-error relief, see Rahn v. Hawkins, 464 F.3d 813, 819 (2006).
IV
Finally, because there is nothing in this record that could lead us to conclude that a miscarriage of justice occurred, we hold that the district court did not abuse its discretion in denying Smith’s motion for a new trial. See Children’s Broadcasting Corp. v. Walt Disney Co., 357 F.3d 860, 867 (8th Cir.2004).
We therefore affirm the judgment.

. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.