# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3054

_____

American Modern Home Insurance Company

*Plaintiff - Appellant*

v.

Aaron Thomas; Aimee Thomas

*Defendants - Appellees*

LLC Thiemann Real Estate

*Defendant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 15, 2021
Filed: April 16, 2021

_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

American Modern Home Insurance Company, alleging insurance fraud, sued Aaron S. and Aimee Thomas after a fire destroyed their home. The jury found for the Thomases. ***American Mod. Home Ins. Co. v. Thomas***, 413 F. Supp. 3d 921,

925 (E.D. Mo. 2019). American Modern appeals. Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

American Modern issued a renters' policy to the Thomases for their apartment. In January 2014, it caught fire. They filed a claim for damage to personal property. American Modern concluded that the fire was intentionally set. Over two years after the fire, it sued the Thomases for declaratory relief. They countersued for vexatious refusal to pay. The jury found for the Thomases.

According to American Modern, four trial errors require reversal: exclusion of Mr. Thomas's prior convictions; the jury instruction on "material"; the supplemental instruction on vexatious refusal to pay; and exclusion of expert testimony.

## I.

In 2017, Mr. Thomas was convicted of three felonies—statutory rape and two counts of statutory sodomy—and sentenced to ten years in prison. *State v. Thomas*, 567 S.W.3d 282, 283 (Mo. App. 2019) (per curiam). American Modern offered this evidence to impeach his credibility.

This court "review[s] de novo the district court's interpretation and application of the rules of evidence, and review[s] for an abuse of discretion the factual findings supporting its evidentiary ruling." *Weems v. Tyson Foods, Inc.*, 665 F.3d 958, 964 (8th Cir. 2011).

In a civil case, a court must admit evidence of a past felony conviction not involving a dishonest act or false statement, subject to Rule 403's balancing factors. **Fed. R. Evid. 609(a)(1)(A)**. The district court excluded Mr. Thomas's past convictions, ruling that the danger of unfair prejudice, undue delay, and confusing the issues substantially outweighed the probative value. *See* **Fed. R. Evid. 403**.

The district court erred. Rule 609 "is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993).

The issue is whether Mr. Thomas's credibility was paramount. The Thomases claim that his credibility was not paramount, because other evidence—expert testimony, photographs, interviews, a 911 call, a taped interrogation, and "scores of exhibits"—could support their version of the events. *See Walker v. Kane*, 885 F.3d 535, 540-41 (8th Cir. 2018) (affirming district court's exclusion of impeachment evidence where credibility was not paramount).

The district court acknowledged that credibility was important in this case. *See American Mod. Home Ins. Co. v. Thomas*, 4:16-cv-00215-CDP, Docket No. 339, at 9 (E.D. Mo. 2019) ("I think credibility is an issue in this case given the allegation that the Defendants were responsible for the fire . . . ."). *Cf. Walker*, 885 F.3d at 540 (noting "the importance of witness credibility alone does not require admission").

Here, the parties presented "diametrically opposed" stories. *See Cummings*, 995 F.2d at 825. "The entire case thus depended on whose story the jury believed," so witness credibility was "paramount" here. *See id.*; *United States v. Collier*, 527 F.3d 695, 700 (8th Cir. 2008) ("Because the jury had to consider such contradictory versions on the only contested element of the charge against [the defendant], permitting evidence relevant to his credibility regarding a felony that is not highly prejudicial, was reasonable and not an abuse of discretion."). *See generally Jones v. Bd. of Police Comm'rs*, 844 F.2d 500, 505-06 (8th Cir. 1988) ("While it is part of the conventional wisdom to regard crimes such as robbery, rape, and forcible sodomy as being less probative of a witness's veracity than are offenses involving *crimen falsi*, a number of courts have approved the admission of evidence of such crimes for the purposes of assessing credibility."), *confirmed by* **Fed. R. Evid. 609(a)(1)** (1990 amend.).

American Modern suggested that the district court include the names, dates, and dispositions of the felonies but exclude the details. *See Cummings*, 995 F.2d at 826 ("The ability to introduce the specific crime is not a license to flaunt its details, however; cross-examiners are limited to eliciting the name, date and disposition of the felony committed."). The Thomases objected that even if the district court omitted the details of the convictions, the jury would speculate about them.

A district judge may even exclude the names of past convictions under Rule 403. *Id. See Foulk v. Charrier*, 262 F.3d 687, 699-700 (8th Cir. 2001) (affirming district court where it admitted witness's felonies but excluded the specific names of the felonies); *United States v. Ford*, 17 F.3d 1100, 1103 (8th Cir. 1994) ("The introduction of [the witness's] specific felony could easily have distracted the jury from its task without adding any real probative information to their deliberations.").

The district court here focused on the danger of unfair prejudice, undue delay, and confusing the issues, especially prejudice to Mrs. Thomas and delay by requiring more voir dire. *See* **Fed. R. Evid. 403**. But the three felony convictions are highly probative. *See United States v. Brown*, 956 F.2d 782, 787 (8th Cir. 1992) (past conviction was "highly probative as impeachment evidence" where two versions of events were presented). Their probative value is not substantially outweighed by the danger of unfair prejudice, undue delay, and confusing the issues. *See United States v. Mosby*, 101 F.3d 1278, 1283-84 (8th Cir. 1996) (evidence of past sexual crimes is not "unfairly prejudicial"); *Cummings*, 995 F.2d at 826; *Jones*, 844 F.2d at 505-06.

II.

American Modern argues that in the jury instruction, the district court misstated the law about the meaning of "material" in the insurance policy. This court reviews a jury instruction for abuse of discretion. *Grain Land Coop. v. Kar Kim Farms, Inc.*, 199 F.3d 983, 995 (8th Cir. 1999).

The Thomases' policy stated it "shall be void if any insured, whether before or after a loss, has intentionally concealed or misrepresented any *material* fact or circumstance or made false statements or engaged in fraudulent conduct relating to this policy." (Emphasis added.) *See **Liberty Mut. Fire Ins. v. Scott***, 486 F.3d 418, 423 (8th Cir. 2007) ("Under Missouri law, 'a misrepresentation as to a portion of the loss may void coverage to the entire claim.' "), *quoting **Childers v. State Farm Fire & Cas. Co.***, 799 S.W.2d 138, 141 (Mo. App. 1990).

The jury instruction defined "material" as:

> [A] misrepresentation is material if the fact misrepresented, if stated truthfully, would likely affect the conduct of those engaged in the insurance business acting reasonably and naturally, in accordance with the practice usual among such companies under such circumstances.

In this diversity action, "Missouri law applies to the substance of the instructions." *See **Bennett v. Hidden Valley Golf and Ski, Inc.***, 318 F.3d 868, 873 (8th Cir. 2003). "Federal law governs [the] review of the discretion exercised in refusing or admitting such instructions." *See **id.***

The Thomases insist that American Modern failed to preserve an objection to the definition of "material." To the contrary, the district court understood American Modern's objection, and overruled it. ***American Mod. Home Ins. Co.***, Docket No. 344, at 155 ("I have gone with the Thomases' version of the 'materiality' definition, not American Modern's. So I've overruled American Modern's objection to this. It is noted for the record at this time, as is their – the other objections they've raised are all deemed reraised at this time. They were on the record before."). *See generally* **Fed. R. Evid. 103(a)(1)** (objections must be timely and state the specific ground).

American Modern proposed a jury instruction defining "material" as having "some bearing on the subject matter." Some Missouri appellate cases acknowledge

this definition for fraudulent proof-of-loss cases. *See **Hodge v. Cont'l W. Ins. Co.***, 722 S.W.2d 133, 136 (Mo. App. 1986) (per curiam), *citing **Wittels Loan & Mercantile Co. v. American Cent. Ins. Co.***, 273 S.W. 1084, 1086 (Mo. App. 1925) (material "means facts necessarily having some bearing on the subject-matter"), *and **Assoc. Photographers, Inc. v. Aetna Cas. & Sur. Co.***, 677 F.2d 1251, 1257 n.14 (8th Cir. 1982).

The Supreme Court of Missouri, however, has not stated a definition for "material" in cases with misrepresentations about the fire's cause or a proof of loss. *See generally* 30 **Mo. Practice**, Insurance Law & Practice § 4:19 (2d ed.) (there is no Missouri Supreme Court approved instruction for the meaning of "material"). This court's passing reference to a "some bearing on the subject matter" instruction is not persuasive. *See **Young v. Allstate Ins. Co.***, 759 F.3d 836, 839 (8th Cir. 2014); ***Assoc. Photographers, Inc.***, 677 F.2d at 1257 n.14. Equally unpersuasive are this court's observations that "under Missouri law the insurance company does not have to show its own detrimental reliance on the proof of loss." ***Patterson v. State Auto. Mut. Ins. Co.***, 105 F.3d 1251, 1253 (8th Cir. 1997), *citing **General Cas. Ins. Cos. v. Holst Radiator Co.***, 88 F.3d 670, 672 (8th Cir. 1996) (no requirement that insurer was prejudiced by misrepresentation in the proof of loss) (applying Missouri law); ***Vitale v. Aetna Cas. & Sur. Co.***, 814 F.2d 1242, 1251 (8th Cir. 1987) (same). American Modern's own reliance is not implicated by the district court's instruction about the usual practice of insurance companies.

In the absence of guidance from the Missouri Supreme Court for fraudulent proof-of-loss cases, the district court used the definition of "material" from fraudulent application cases. *See **Mears v. Columbia Mut. Ins. Co.***, 855 S.W.2d 389, 392 (Mo. App. 1993) (in a fraudulent application case, a fact is material "if stated truthfully, [it] would likely affect the conduct of those engaged in the insurance business acting reasonably and naturally, in accordance with the practice usual among such companies under such circumstances"). *See also **Central Bank of Lake of the Ozarks v. First Marine Ins. Co.***, 975 S.W.2d 222, 225 (Mo. App. 1998) (in a fraudulent application case, a fact is material "if the fact, stated truthfully,

might reasonably have influence the insurance company to accept or reject the risk or to have charged a different premium"); *Cova v. American Family Mut. Ins. Co.*, 880 S.W.2d 928, 929 (Mo. App. 1994) (in a fraudulent application case, material "means if stated truthfully the answer might reasonably influence an insurer to reject a risk or charge a higher premium").

In view of the uncertainty in Missouri law, the district court did not abuse its discretion in its instruction about the meaning of material.

III.

The original instruction on vexatious refusal to pay reads:

> In this phase of the trial, you must determine whether Aaron and Aimee Thomas have proved by the greater weight of the evidence, that American Modern Home Insurance Co. vexatiously refused to pay their claim under the insurance policy.
>
> If you find that American Modern refused to pay the insurance claim without reasonable cause or excuse, then, in addition to the amount you have already awarded to Aaron and Aimee Thomas on the policy in your previous verdict, you may award the Thomases a penalty in an amount not to exceed $2059.37.

After an hour of deliberation, the jury asked (underline, misspelling in original):

> Can we get interpretation of refusal to pay the insurance claim of Aaron & Aimee Thomas <u>without reasonable cause or excuse?</u>  Can we get a copy of the statue of vexatious?

The district court expressed concern to the parties that the jury had not been instructed that delay can be vexatious refusal to pay.  American Modern asked the

district court just to instruct the jury to reread the original instruction. Instead, the district court answered, "Vexatious refusal may be found on refusal to pay, denial of a claim, or delay, but only if that action was without reasonable cause or excuse."

American Modern argues that the district court abused its discretion when it gave this supplemental instruction because it was (1) unnecessary, (2) beyond the scope of the jury's question, and (3) prejudicial. The Thomases contend that American Modern failed to preserve these grounds when objecting to "any further instructions other than they should be guided by the evidence and follow the jury instruction. . . . [T]he instruction that was submitted is M[issouri] A[pproved] I[nstruction]. . . . agreed to by opposing counsel. . . . So I think would be error to provide some additional instruction." The district court recognized the objection. *See American Mod. Home Ins. Co.*, Docket No. 346, at 118-19 ("[T]he instruction I gave before erred in not including [delay], and this is a corrective instruction. . . . I recognize American Modern's objection and overrule that objection.").

This court need not resolve which grounds were preserved. Because the supplemental instruction addresses the verdict director—an issue fully briefed and likely to recur on remand in light of district court's statement about the original instruction—this court will resolve the issue. *See Farmland Indus., Inc. v. Morrison-Quirk Grain Corp.*, 987 F.2d 1335, 1343 n.8 (8th Cir. 1993) (addressing a jury-instruction objection likely to recur on remand).

The district court did not abuse its discretion. Answers to requests must be "within the specific limits of the question presented" and "accurate, clear, neutral, and non-prejudicial." *United States v. Martin*, 274 F.3d 1208, 1210 (8th Cir. 2001).

First, the supplemental instruction was within the scope of the jury's question. The district court reasonably interpreted it to request the definition of vexatious refusal to pay because the jury asked for the statute and underlined a key phrase. "When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy." *Bollenbach v. United States*, 326 U.S. 607, 612-13 (1946).

Second, the supplemental instruction was accurate. *See DeWitt v. American Family Mut. Ins. Co.*, 667 S.W.2d 700, 710 (Mo. banc 1984) (several months delay); *Hensley v. Shelter Mut. Ins. Co.*, 210 S.W.3d 455, 465-66 n.9 (Mo. App. 2007) (several months delay); **Mo. Approved Jury Instr.** (Civil) 10.08 (8th ed).

Third, the supplemental instruction was necessary to avoid confusion whether delay was a basis for vexatious refusal to pay. "The response to a jury request for supplemental instructions is a matter within the sound discretion of the district court." *United States v. Suppenbach*, 1 F.3d 679, 683 (8th Cir. 1993).

Fourth, the supplemental instruction was neutral. The district court included "denial of a claim" to generalize the instruction and state the legal standard. *See DeWitt*, 667 S.W.2d at 710; *Hensley*, 210 S.W.3d at 468 ("[D]enial without explanation is substantial evidence of a vexatious and recalcitrant attitude."); **Mo. Approved Jury Instr.** (Civil) 10.08 (8th ed).

Fifth, the supplemental instruction was not prejudicial. American Modern addressed delay at length in closing argument. *See United States v. Morrison*, 332 F.3d 530, 532-33 (8th Cir. 2003) ("nothing prevented counsel from discussing" the topic of supplemental instruction in closing argument).

## IV.

A later-dismissed defendant hired Carl Welcher as an expert. The district court excluded his testimony, concluding it was both untimely and cumulative with local Fire Marshal Daniel Bruno's similar testimony about the cause and origin of the fire. The district court did not abuse its discretion. *See Walker*, 885 F.3d at 538.

"The rules . . . permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). *See White v. Howmedica, Inc.*, 490 F.3d 1014, 1016 (8th Cir. 2007). As part of a settlement agreement with American

-9-

Modern, the later-dismissed defendant who hired Welcher agreed to disclose him as an expert, even though the deadline for American Modern's disclosure had expired. ***American Mod. Home Ins. Co. v. Thomas***, 2019 WL 3976355, at *8 (E.D. Mo. Aug. 22, 2019); ***American Mod. Home Ins. Co.***, 413 F. Supp. 3d at 930 n.9. The district court found that this "extensive gamesmanship" caused "several motions and briefs" and "border[ed] on misrepresentations to the Court and opposing counsel." ***American Mod. Home Ins. Co.***, 2019 WL 3976355, at *8. American Modern has not shown its failure to timely disclose Welcher was harmless or substantially justified.

The district court properly excluded the testimony of Carl Welcher.

\* \* \* \* \* \* \*

The judgment is reversed, and the case remanded for further proceedings consistent with this opinion.

_____